UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FORT SILL APACHE TRIBE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 14-958 (RMC) |
| NATIONAL INDIAN GAMING COMMISSION, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This action concerns a Notice of Violation issued by the Chairman of the National Indian Gaming Commission to the Fort Sill Apache Tribe. In an effort to facilitate settlement, the parties asked the Court to order a set of agreed-upon actions the parties would undertake, which the Court duly did. *See* 8/17/2016 Order [Dkt. 51] (Order). The Order went through several amendments at the parties' request. *See* 10/4/2016 Order [Dkt. 55] (Amended Order); 10/21/2016 Order [Dkt. 60]. The Tribe is now challenging the sufficiency of NIGC's actions under the terms of that order, and has asked the Court to order NIGC to show cause why it should not be held in contempt. *See* Pl.'s Em. Mot. to Enforce the Court's Order [Dkt. 67]. NIGC has opposed this request, [Dkt. 68], and the Tribe has replied. [Dkt. 69]. The matter is ripe for the Court's review.

This case concerns a set of administrative proceedings involving the Tribe, NIGC, and the Department of Interior, all of which relate to a May 15, 2015 Decision issued by NIGC that the Tribe was not eligible to provide gaming on certain Tribe-owned lands. One of the complicating issues in this matter is a prior settlement (the Settlement) between Interior and

1

the Tribe, and the extent to which the Settlement affects the Tribe's right to operate a casino and, by extension, affects NIGC's May 15, 2015 determination.

In an effort to resolve this case through settlement instead of continued litigation, the parties jointly proposed the following: (1) the Department of Interior would issue a letter to the NIGC stating its opinion on the relevancy of the Settlement on the Tribe's rights to the operation of a casino, whereupon (2) the NIGC would review its initial determination in light of Interior's letter. The Court, as requested, memorialized this agreement in an Order. *See* Amended Order.

After months of delay, Interior issued its letter to NIGC on December 9, 2016, with a copy provided to the Court *in camera*. On January 12, 2017, NIGC issued a letter to the Tribe, indicating that the information provided by the Interior in its letter did not give reason for NIGC to reconsider its initial determination. *See* Pl.'s Mot. Ex. 1 (NIGC Letter).[1]

Believing that NIGC's actions are inadequate, the Tribe has filed the Motion currently before the Court. The Tribe asserts that the letter issued by NIGC falls outside the terms of the parties' agreement as reflected in the Court's order. *See* Pl.'s Mot. at 2. Specifically, the Tribe argues that the letter issued by NIGC is insufficient under the plain language of the Order, which states that NIGC shall "reconsider its Decision and Order dated

---

[1] In their briefs, the parties engage in a dispute about whether the Tribe's decision to attach the NIGC's letter to its motion violated Federal Rule of Evidence 408 protection. The parties misapprehend FRE 408. "'FRE 408 limits a document's relevance at trial, not its disclosure for other purposes.'" *NAACP Legal Def. Fund & Educ. Fund, Inc. v. U.S. Dep't of Justice*, 612 F. Supp. 1143, 1146 (D.D.C. 1985) (quoting *Ctr. for Auto Safety v. Dep't of Justice*, 576 F. Supp. 739, 749 (D.D.C. 1983)). "'[A] party is not allowed to use Rule 408 as a screen for curtailing his adversary's right of discovery.'" *In re Subpoena Issued to Commodity Futures Trading Comm'n*, 370 F. Supp. 2d 201, 211 (D.D.C. 2005) (quoting 2 Weinstein's Federal Evidence § 408.07 at 408-26 (2005)). The Court need not consider whether FRE 408 applies to the NIGC letter, since FRE 408 would not preclude the letter's use in this context.

May 5, 2015, in consideration of the letter to be provided by Interior, and shall issue a Decision and Order incorporating such reconsideration." Amended Order.

NIGC's letter does not violate the Court's order. The letter indicates that NIGC reviewed the material provided by Interior and considered whether that information warranted a reexamination of NIGC's initial decision. NIGC concluded that it did not, and informed the Tribe of that fact in the form of a letter. In doing so, the Court finds that NIGC by all appearances acted in good faith and in substantial compliance with the Court's order. *See Food Lion, Inc. v. United Food & Commercial Workers Int'l Union, AFL-CIO-CLC*, 103 F.3d 1007, 1017 (D.C. Cir. 1997) ("[T]he burden of proving good faith and substantial compliance is on the party asserting the defense.") Given this, the Court denies the Tribe's motion.

While the intent of the parties' plan was to promote a settlement of this dispute, that appears now to have been unsuccessful. Accordingly, the Court directs the parties to meet and confer and propose a joint schedule for the next phase of this litigation.

Plaintiff's Motion for an Order to Show Cause [Dkt. 67] will be **DENIED**. The parties are ordered meet and confer and to submit a joint proposed schedule on or before March 20, 2017. A memorializing order accompanies this memorandum opinion.

Date: February 17, 2017                                /s/
                                                                                          ROSEMARY M. COLLYER
                                                                                          United States District Judge