**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FORT SILL APACHE TRIBE,**<br><br>              **Plaintiff,**<br><br>      **-v-**<br><br>**NATIONAL INDIAN GAMING COMMISSION, et al.,**<br><br>             **Defendants.** | **No. 1:14-cv-958-RMC** |

## JOINT REPORT REGARDING ENTRY OF PROPOSED SCHEDULE

Pursuant to the Court's June 4, 2018 Order, Plaintiff the Fort Sill Apache Tribe (the "Tribe") and Defendants the National Indian Gaming Commission, its Chairman Jonodev Chaudhuri, the United States of America, the Department of the Interior, Secretary of the Interior Ryan Zinke, and Acting Assistant Secretary - Indian Affairs John Tahsuda (collectively, the "Federal Defendants") hereby submit the following joint report regarding scheduling further proceedings in this case.  Despite the parties' good faith efforts, they have been unable to agree on a briefing schedule for Plaintiff's anticipated motion to supplement and complete and/or to admit extra-record evidence.  The parties submit their respective positions and proposals below:

1.    <u>Plaintiff's Position</u>:  The Tribe will be filing a motion to complete and supplement the administrative record by June 25, 2018.  The Tribe would have preferred that the motion be briefed on the usual schedule provided by the rules (14 days to oppose, 7 days to reply).  However, after negotiations with the defendants the Tribe was willing to agree, as an accommodation to lead counsel's scheduling conflicts, to a schedule in which (1) the Tribe will file its motion to complete and supplement the administrative record and/or to admit extra-record

evidence by June 25, 2018; (2) defendants will file their response to the motion by July 20, 2018; and (3) the Tribe will file its reply in support of its motion by August 1, 2018.  To accommodate opposing counsel, the Tribe is still willing to propose this schedule to the Court.  This schedule gives the defendants 25 days, instead of 14, to oppose the motion.

However, defendants are insisting on a schedule below that gives them five additional days to respond, for a total of 30 days.  The reasons given to justify this schedule are the same type of reasons that the Tribe has been hearing for nine years from the Federal Defendants: management needs to review, the agencies have to consult, there are many cooks in the kitchen, it all will take a lot of time.  But as the defendants know, the principal issue on the motion is whether the defendants can withhold from the administrative record the December 9, 2016 Indian Lands Opinion issued by the Department of the Interior.  The federal defendants have known this will be an issue since well before December 9, 2016.  They have had 18 months to develop their arguments, conduct consultations between the agencies and their counsel, develop legal arguments, and engage in management review.  Indeed, the Federal Defendants were under an obligation to undertake this work before they logged the Indian Lands Opinion in the privilege log they filed on June 8.

The Tribe cannot keep giving the Federal Defendants more time and more time.  There will always be another reason why, despite the numerous lawyers working on this matter for the government, more time is needed.  The Tribe lost a year in 2016 giving the Department of Interior more time to produce the Indian Lands Opinion letter.  When the Tribe gave more time to defendants to respond to the Second Amended Complaint in 2017, the defendants filed a motion for reconsideration and to dismiss that effectively cost another year.  The end result of that motion was, in part, the Court's May 25, 2018 Order requiring the defendants to "file the

administrative record for the 2017 Decision" by June 8, but the administrative record that was filed includes no documents postdating the NIGC's May 5, 2015 Decision and Order (Dkt. 100) and necessitates the Tribe's motion to complete and supplement the record. Therefore the Tribe is unwilling to agree to the defendants' schedule proposed below.

2.    <u>Federal Defendants' Position</u>: Federal Defendants request the following schedule on Plaintiff's anticipated motion: (1) Plaintiff will file its motion to supplement and complete the administrative record and/or to admit extra-record evidence by June 27, 2018; (2) Federal Defendants will file their response to Plaintiff's motion by July 25, 2018; and (3) Plaintiff will file its reply in support of its motion by August 4, 2018. Federal Defendants request this schedule, which effectively provides them with twenty-ones business days to respond, in good faith and to ensure the expedient and orderly process of the litigation. Federal Defendants, based on discussions with Plaintiff's counsel, understand that Plaintiff's anticipated motion will challenge the privilege designation of certain documents and that Plaintiff will seek to include those documents in the administrative record. The protection of deliberative, attorney-client, and work product privilege materials is of significant importance to the agencies and the Federal government as is the appropriate course of adjudicating cases under the Administrative Procedure Act. Federal Defendants request adequate time to review Plaintiff's arguments, conduct consultations between the agencies and their counsel, develop and draft their brief, and engage in management review at the agencies and the Department of Justice before filing. As the Court and parties are aware, the response brief to Plaintiff's motion will require multiple levels of review at the agencies and at the Department of Justice. In allowing adequate time for this review, Federal Defendants must balance competing obligations as well as work-related travel and leave. Counsel for Federal Defendants will be on work travel June 26-27, and on

3

leave July 4-6.  Counsel also has several filings in other district courts due during the briefing

schedule for Plaintiff's anticipated motion.  Counsel's immediate supervisors have competing

obligations in their supervision of other cases involving the Department of Justice and will be on

leave at various points during the proposed briefing schedule, including the week of July 16.

Counsel for the agencies likewise have competing obligations and will be on work related travel

and leave at times during the proposed briefing schedule.

Federal Defendants' proposed schedule will not prejudice Plaintiff and will allow Federal

Defendants the time necessary to give full consideration to the merits of Plaintiff's anticipated

motion.  Federal Defendants' proposed schedule merely adds three business days for their filing

in order to accommodate various absences the week of July 16 through 20, 2018.  It also

accommodates for the federal holiday on July 4 and absences that entire week.  Federal

Defendants' proposal provides them with twenty-one business days to respond, which is a

reasonable request given the importance of the issues that will be raised by Plaintiff's anticipated

motion.

3.	Joint Proposal:  The parties agree that within seven days of the Court's order

deciding Plaintiff's motion to supplement and complete the administrative record and/or to admit

extra-record evidence, the parties are required to submit a proposed schedule with respect to the

remaining issues in the litigation including briefing summary judgment motions on the remaining

claims from Plaintiff's Second Amended Complaint.

4.	Plaintiff's position is that its claims are suitable for trial, but given the potential

for the case to be decided on summary judgment and the impact that the timing of the summary

judgment motions will have on the scheduling of trial and pre-trial matters, there is not a present

need to schedule trial and pre-trial matters at this time.

5.     Federal Defendants' position is that there are no claims suitable for trial as this case is proceeding under Administrative Procedure Act and therefore should be resolved on motions for summary judgment.  Federal Defendants respectfully submit that scheduling future litigations activities is not appropriate until Plaintiff's anticipated motion to supplement/complete and/or to submit extra record evidence is fully adjudicated.

Respectfully submitted,


*/s/Kenneth J. Pfaehler*
Kenneth J. Pfaehler, Bar No. 461718
DENTONS US LLP
1900 K Street N.W.
Washington, D.C.  20006
(202) 408-6468
(202) 408-6399   Facsimile
kenneth.pfaehler@dentons.com

*Attorneys for Plaintiff Fort Sill Apache Tribe*




JEFRREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division


*/s/ Jody H. Schwarz*
Jody H. Schwarz, Bar No.
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0245
Fax: (202) 305-0506
jody.schwarz@usdoj.gov

*Attorneys for Federal Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 19th day of June, 2018, I caused the foregoing to be served on counsel of record by filing an electronic copy with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the parties entitled to receive notice.

*/s/ Jody H. Schwarz*